(No. 75-CV-153— )

In Re Application of Alice Johnson.

*Opinion filed November 19, 1976.*

Gary L. Kaplan, Attorney for Claimant.

William J. Scott, Attorney General of Illinois; Leonard Cahnmann, Assistant Attorney General.

Per Curiam.

This claim arises out of a crime which took place on June 5, 1974, at 233 North Mason, Chicago. The Claimant seeks compensation for funeral expenses and loss of support under the provisions of the "Crime Victims Compensation Act", Ill.Rev.Stat., 1973, Ch. 70, §71, et seq. (hereafter referred to as the "Act").

The sole issue presented to the Court is whether the Claimant was dependent on the deceased victim for her

support under the Act. The Claimant is the mother of the deceased victim.

The facts were that on June 5, 1974, the Chicago police, responding to a call from Margaret Johnson, the estranged wife of the victim, found the body of the deceased victim, Claude Johnson, on the floor of his apartment at 233 North Mason, Chicago, with a gunshot wound in the head. The victim was pronounced dead at Loretto Hospital.

This Court finds that the victim and his assailant were not related or sharing the same household and that the Claimant cooperated fully with law enforcement officials. No other benefits were received by the Claimant from any other sources.

The deceased victim, age 28, had been employed by the Chicago Board of Education prior to his death, earning $604.48 per month.

The Claimant's testimony was that the deceased began living with her about one year prior to his death and continued to live with her until his death. During the time that the deceased lived with Claimant he gave her about $150.00 per month. Prior to his coming to live with her, he contributed $25.00 per week and for her support and had been so contributing since 1968.

No receipts were given for this money and no records were kept by the parties.

The Claimant likewise received approximately $150.00 per month from her daughter, Mary Johnson. No records were kept for these payments. The Claimant was unemployed at the time of her son's death. Her husband had died about a month previous to her son's death.

At the time of her son's death, the Claimant was making monthly payments on a three flat building she owned with another son. All of the income received by

her from the co-owner of the property and a tenant of the property were used to make these monthly payments.

It is clear to this Court that the Claimant was, at least partially, dependent upon the deceased crime victim for her support. The Claimant's total monthly income, other than that which helped make her home payments, was $300.00, of which the deceased paid approximately $150.00. However, some part of the decedent's contribution must be attributed to his own food and utilities. It appears therefore to this Court that the $25.00 per week contribution made by the decedent prior to his coming to live with his mother is an appropriate indication of his support of the Claimant.

Section 3 of the Act provides that:

A person is entitled to compensation under this Act if: (a) he is a victim as defined in Section 2 of this Act, or is a person who was dependent on a deceased victim of a crime of violence for his support at the time of the death of that victim . . .

It is the opinion of this Court that in order to be classified as a dependent under Section 3 it is not necessary for one to be totally dependent. Partial dependency, such as in the case before us, is sufficient to qualify one as a dependent.

The Respondent has pointed out that the evidence at the hearing indicated that the Internal Revenue Service, after an audit, refused to allow the decedent to claim the Claimant as a dependent. However, in view of the fact that the criteria for dependency under the Internal Revenue Code is wholly different than dependency under the Act, we believe that the adverse determination by the Internal Revenue Service is not controlling here. In fact, the fact that the decedent attempted to claim his mother as a dependent is some evidence of the fact that the parties considered the Claimant to be a dependent of the deceased and reinforces the Court's conclusion of partial dependency.

This Court finds therefore that the Claimant was a dependent of the deceased victim to the extent of $25.00 per week.

The Claimant was 55 years old at the time of her son's death. Her life expectancy according to the life expectancy tables of the U.S. Department of Health, Education & Welfare was 22.7 years. It is, therefore, clear that the total lost support is far in excess of the $10,000.00 maximum awardable under the Act.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

The Court, considering all of the facts in this case, believes it is to the best interest of the Claimant and the State that this award be disbursed to the Claimant in periodic monthly payments as authorized by Section 8, Subparagraph (a), Subparagraph 4 of the Act.

IT IS, THEREFORE, ORDERED that the Claimant, Alice Johnson, be awarded monthly payments of $250.00 each, until the earlier of the following two events shall occur: the death of the Claimant or the total sum of $10,000.00 having been paid.

This Court further finds under Section 12 of the Act and based on the petition of attorney Gary L. Kaplan that attorney's fees in the total amount of $400.00 is reasonable for representing the Claimant at the hearing of this case.

IT IS, THEREFORE, ORDERED that Gary L. Kaplan may charge the Claimant $400.00 in attorneys fees.